# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50210
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aileen Gonzales,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-230-1

————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Aileen Gonzales pleaded guilty to possession with intent to distribute 40 grams or more of fentanyl, and the district court sentenced her to 188 months of imprisonment, to be followed by five years of supervised release. On appeal, she contends that the court erred in computing her offense level

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

by not applying the safety-valve reduction in U.S.S.G. § 2D1.1(b)(18); *see* U.S.S.G. § 5C1.2(a).

The record reflects that Gonzales exerted control over the hotel room where a firearm was located, and she admitted her knowledge of the firearm before the district court. Thus, the record supports a plausible inference that she had access to that firearm. *See United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996); *United States v. Fambro*, 526 F.3d 836, 839-40 (5th Cir. 2008). Gonzales did not meet her burden in establishing, by a preponderance of the evidence, that she did not constructively possess the firearm, which precludes her eligibility for the safety-valve reduction. *See United States v. Vasquez*, 161 F.3d 909, 910, 912 (5th Cir. 1998); *United States v. Matias*, 465 F.3d 169, 173-74 (5th Cir. 2006); § 5C1.2(a)(2).

AFFIRMED.